IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00180-RJC-DSC

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDRIVIA WELLS | ) | |
| | ) | |

**THIS MATTER** is before the Court on the government's Notice of Appeal, (Doc. No. 19), of the magistrate judge's denial, (Minute Order, Oct. 3, 2019), of its Motion on Status of Counsel, (Doc. No. 16).

I.  BACKGROUND

The defendant was indicted on June 20, 2019, for offenses related to alleged tax preparation fraud. (Doc. No. 3). The Indictment also included one count of destruction of records (Count Thirty-Five) resulting from the alleged arson at one of the defendant's business locations after she had been served with an IRS summons. (Id. at 2-3, 7-8). She was appointed counsel from the Federal Public Defender's Office at her initial appearance. (Oral Order, June 26, 2019).

The Indictment was superseded on August 22, 2019. (Doc. No. 13). An additional charge of obstruction of justice (Count Thirty-Six) is based, in part, on alleged false statements under oath before the Grand Jury on February 19, 2019.[1]

---

[1] This count apparently has a typographical error regarding the date range of the offense from "[b]etween on or about December 18, 2019 and June 30, 2019." (Doc. No. 13: Superseding Indictment at 9). Based on other information in the record, the Court presumes December 18, 2018, was intended. (See id. at 3 (defendant was subpoenaed on December 18, 2018, to appear before grand jury on January 15, 2019)).

(Id. at 4, 9). After the defendant was arraigned on the Superseding Indictment on September 5, 2019, current counsel entered his appearance on September 9, 2019. (Doc. No. 15).

The government filed the underlying motion on September 16, 2019, seeking a hearing on whether counsel has an impermissible conflict of interest. (Doc. No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge was designated to hear and determine the government's motion. (No. 3:05-mc-268, Doc. No. 1: Referral Order at 1). After conducting an evidentiary hearing, the magistrate judge found that the matter was subject to interpretation and denied the government's request to disqualify counsel from further representation of the defendant.[2] (Minute Order, Oct. 3, 2019). On October 10, 2019, the government filed the instant Notice of Appeal seeking disqualification of counsel, claiming he is a fact witness who provides substantive evidence of the defendant's alleged false testimony before the grand jury. (Doc. No. 19 at 1).

II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(a) allows a district judge to refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. When a party objects to a magistrate judge's order on a nondispositive matter, a district judge must determine whether the order is contrary to law or clearly erroneous.

---

[2] The hearing was not transcribed, but the Court has reviewed an audio recording of the proceedings.

III. DISCUSSION

Although a criminal defendant has the right to hire the counsel of her own choosing, the presumption in favor of retained counsel "may be overcome not only by a demonstration of actual conflict but by a showing of a *serious potential for conflict*." United States v. Basham, 561 F.3d 302, 323-24 (4th Cir. 2008) (quoting Wheat v. United States, 486 U.S. 153, 164 (1988)) (emphasis in original). A district court has an "'independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'" Id. at 323 (quoting Wheat, 486 U.S. at 160). Thus, "a district court has an obligation to foresee problems over representation that might arise at trial and head them off beforehand.'" Id. (quoting United States v. Howard, 115 F3d 1151, 1155 (4th Cir. 1997).

Here, retained counsel is a member of the North Carolina Bar. (Doc. No. 15: Entry of General Appearance). By appearing in this District, attorneys submit themselves to the Court's enforcement of the North Carolina Rules of Professional Conduct. LCrR 44.1 (incorporating LCvR 83.1(a)). Revised Rule 3.7 of that code provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

3

"A witness's testimony is 'necessary' within the meaning of the rule when it is relevant, material, and unobtainable by other means." State v. Smith, 749 S.E.2d 507, 510 (N.C. Ct. App. 2013) (internal quotation marks and citation omitted). However, an attorney who is disqualified from advocating at trial may represent his client on non-trial matters absent a showing of other conflict of interest under Rules 1.7 or 1.9, such as involving other current or former clients. Cunningham v. Sams, 588 S.E.2d 484, 487 (N.C. Ct. App. 2003).

The government has demonstrated that retained counsel is likely to be a necessary witness if the case proceeds to trial. First, counsel's testimony would be relevant and material to the contested issue of whether the defendant made false statements before the grand jury. According to the transcript, the defendant testified on February 19, 2019, that she provided records responsive to a grand jury subpoena to counsel on a USB, which she expected to be forwarded to the grand jury. (Doc. No. 19-1, Exhibit 1 at 2-4).[3] However, in an e-mail message sent to the government on February 20, 2019, counsel stated, "I don't have any records that would be responsive to the subpoena, on a thumb drive or otherwise. Ms. Smith seems to think I do, however, I do not!" (Doc. No. 19-2, Exhibit 2 at 2).[4] Before the magistrate

---

[3] For consistency of reference, the Court will use the page numbers generated by the CM/ECF system, rather than page numbers in the original documents.

[4] In the next message in the e-mail chain, counsel states his understanding that documents would be dropped off at his office later that day. (Doc. No. 19-2 at 2).

4

judge, counsel explained that the defendant had provided some other kind of drive without anything on it and that records were ultimately produced, including a whole computer. Even so, the government intends to call counsel as a witness at trial on the issue of whether the defendant made false statements on February 19, (Doc. No. 16: Motion at 7); therefore, counsel's testimony as to what she had provided to him as of that date is relevant and material to the obstruction charge in Count Thirty-Six.[5]

Second, the record does not reflect that any other witness could provide the same information as counsel. The defendant was unequivocal in her testimony that she provided responsive records to her attorney personally. (Doc. No. 19-1, Exhibit 1 at 2-4 ("He has them.")). Counsel was unequivocal in disclaiming that she had. (Doc. No. 19-2, Exhibit 2 at 2 ("I do not!")). Although counsel told the magistrate judge that he would not be the best witness and that there were alternatives, he did not identify any other person who would have knowledge bearing on the truth or falsity of the defendant's testimony before the grand jury. Accordingly, the Court finds that counsel has an actual, or a serious potential, conflict of interest in trying this case because he is likely a necessary witness.

The question remains whether disqualification of counsel from advocating at trial would work substantial hardship on the defendant. Rule

---

[5] The government's Notice of Appeal references Count Thirty-Five as being the one at issue. (Doc. No. 19 at 2). That appears to be a typographical error because Count Thirty-Five alleges obstruction of the IRS investigation on or about May 15, 2017. (Doc. No. 13: Superseding Indictment at 9).

3.7(a)(3). Counsel informed the magistrate judge that he had represented the defendant in her tax business for twenty-five years. Thus, it is understandable that she would want his assistance in this criminal tax case. However, the defendant was recently arraigned on the Superseding Indictment, only after which counsel entered his appearance. Because the case is at an early stage in the proceedings, the defendant has adequate time to retain counsel to represent her at trial, if the matter is not otherwise resolved. Accordingly, the Court finds the defendant will not suffer substantial hardship from disqualification of current counsel from advocating at trial.

Such disqualification will protect important interests in the trial process. When chosen counsel has first-hand knowledge of the events presented at trial, his performance as an advocate can be impaired because he may be constrained from making arguments on behalf of his client based on what he knows or by the temptation to minimize his own involvement. United States v. Locascio, 6 F.3d 924, 933 (2nd Cir. 1993). Also, the government is prejudiced when counsel functions as an "unsworn witness," effectively testifying while advocating in a dual role before the jury. Id. at 933-34. Thus, disqualifying current counsel from advocating at trial promotes the defendant's right to effective assistance of counsel, the government's interest in a fair trial, and the Court's role in ensuring the integrity of the judicial process.

Upon consideration of the evidence presented at the hearing conducted before the magistrate judge and the arguments of the parties, the Court finds that the magistrate judge's order was not contrary to law or clearly erroneous at this stage in the proceedings. However, current counsel is disqualified from advocating at trial pursuant to Rule 3.7(a) of the North Carolina Revised Rules of Professional Conduct.

**IT IS, THEREFORE, ORDERED**, that the government's appeal of the magistrate judge's order is **GRANTED in part and DENIED in part**, as detailed above.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the United States Attorney.

Signed: November 14, 2019

Robert J. Conrad, Jr.
United States District Judge